# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | DAVID H. COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6434 | **DATE** | APRIL 30, 2001 |
| **CASE TITLE** | Victoria Rodgers vs. Arlington Heights School District No. 25 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendant's motion to dismiss (docket #13) is granted. The complaint on file is dismissed without prejudice. The plaintiff is granted twenty-one days in which to file an amended complaint limited to her claim that she has been given fewer assignments based on her race and sex. All other claims are dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). The clerk is directed to mail the plaintiff an amended civil rights complaint form. Failure to comply within twenty-one days will result in summary dismissal of this case in its entirety. The plaintiff's renewed request for appointment of counsel is denied.
(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAY 1 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 25 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mjm | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA RODGERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 00 C 6434 |
| ARLINGTON HEIGHTS SCHOOL DISTRICT NO. 25, | ) ) ) ) | HONORABLE DAVID H. COAR |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Victoria Rodgers, has brought this *pro se* civil action pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 2000e. The plaintiff claims that the defendant, Arlington Heights School District No. 25, have discriminated against the plaintiff, subjected her to sexual harassment and retaliation, and engaged in a conspiracy against her. This matter is before the court for consideration of the defendant's motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion will be granted; however, the plaintiff will be given the opportunity to file an amended complaint.

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996). In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*,

953 F.2d 1073, 1078 (7th Cir. 1992) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A claim may be dismissed only if it is beyond doubt that under no set of facts would a plaintiff's allegations entitle her to relief. *Travel All Over the World, Inc.*, 73 F.3d at 1429.

## FACTS AND PROCEDURAL BACKGROUND

The plaintiff alleges the following facts, which must be accepted as true for purposes of this motion: The plaintiff has been employed as a substitute teacher for Arlington Heights School District Number 25 since the 1995-96 or 1996-97[1] school year.

On or about September 7, 1999, the plaintiff began a long-term appointment acting as a substitute library assistant. The plaintiff was terminated from that position on September 14, 1999, for reasons she did not understand.

On June 15, 2000, the plaintiff filed a charge of discrimination with the Illinois Department of Human Rights alleging race and sex discrimination. In her charge, the plaintiff stated, "I have received fewer assignments than similarly-situated substitute teachers. I believe that I have been discriminated against on the basis of my race, Black, and sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended." The plaintiff checked boxes indicating that the perceived causes of discrimination were her race and sex. The plaintiff did not check the "color" or "national origin" boxes.

---

[1]The E.E.O.C. charge and the complaint indicate that the plaintiff began working for the school district in 1995. However, in her response to the motion to dismiss, the plaintiff clarifies that her employment began during the 1996-97 school year.

On June 26, 2000, the Equal Employment Opportunity Commission issued a right-to-sue letter. The plaintiff then filed the instant *pro se* complaint, using the court's employment discrimination form. The plaintiff now alleges discrimination based on her color and national origin as well as race and sex. In her complaint, the plaintiff makes the following allegations:

> I am still employed by the defendant but I was removed from a position within my employment unjustly. I have been ostracized by coworkers in my employment which has created an atmosphere of hate and distrust. I no longer have any peace at work simply because staff members make unfair judgments about me. Then punish me by giving me fewer assignments than other substitute teachers, or harass my son with unfair grades and just plain meanness. They are afraid that I am going to sue them as stated by the Assistant Supt. of Planning Joseph Ward, so they want to discredit me. Joseph Ward asked me if I was going to sue them. Also there is an employee that makes 16,000 a year while I only made $5000 at the most, according to their records. I have been available every day to work since I've been working there. If I was not available, which is very rare, I call them and let them know I cannot work. I have been unavailable only less than 10 times–probably less than 5 times. This has been my sole means of Employment since I worked for them.

## **DISCUSSION**

The complaint on file, which bears little relation to the plaintiff's E.E.O.C. charge, must be dismissed. However, the plaintiff will be granted the opportunity to file an amended complaint that corresponds to her administratively exhausted claim that she has been denied substitute teaching assignments on the basis of her race and sex.

The allegations in the complaint are all outside the scope of the administrative charge the plaintiff pursued with the Equal Employment Opportunity Commission. Plaintiffs filing suit under Title VII must (1) file a timely charge with the E.E.O.C. and (2) receive a right-to-sue letter from the E.E.O.C. *See* 42 U.S.C. § 2000e(5)(b), (e) and (f); *Zugay v. Progressive*

*Care, S.C.*, 180 F.3d 901, 902 (7th Cir. 1999). Judicial relief cannot be sought for claims not listed in the original E.E.O.C. charge unless they are reasonably related to, or grow out of, the allegations in the charge. *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000). "An aggrieved employee may not complain to the E.E.O.C. of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). This rule serves two purposes: affording an opportunity for the E.E.O.C. to settle the dispute between the employee and employer and putting the employer on notice of the charges against it. *Harper v. Godfrey Co.*, 45 F.3d 143, 147-48 (7th Cir. 1995); citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992).

The E.E.O.C. charge made no mention of the plaintiff's belief that Arlington Heights School District had discriminated against her on the basis of her color or national origin. Those boxes are not checked on the charge form and the narrative of the charge suggests no such discrimination. The plaintiff's assertion that the E.E.O.C. intake officer improperly summarized her grievances on the charge form does not excuse her from the exhaustion requirement. In signing and standing on the charge form without pointing out any discrepancies or omissions, the plaintiff waived any additional claims. *See Novitzky v. American Consulting Engineers, L.L.C.*, 196 .3d 699, 702-04 (7th Cir. 1999). Furthermore, nothing in the plaintiff's lengthy, rambling brief opposing dismissal substantiates the new claims. *Compare Rai v. Dynagear*, 1999 LEXIS 6053, **5-6, Case No. 98 C 6053 (N.D. Ill.

October 4, 1999) (Ashman, Mag. J.); *Gandy v. Gateway Found.*, 1999 LEXIS 1998, **1, 97 C 2286 (N.D. Ill. Feb. 19, 1999) (Schenkier, Mag. J.).

Turning to the plaintiff's claim that the defendant discriminated against her on the basis of her race and sex, the E.E.O.C. charge and the complaint describe different types of alleged discriminatory conduct. In the charge, the plaintiff claimed that she received fewer assignments. In her complaint, the plaintiff alleges that she was terminated, denied a promotion, harassed, and paid a lower salary than other substitute teachers. Again, it is well established that an aggrieved employee may not complain to the E.E.O.C. of certain instances of alleged discrimination and then seek judicial relief for different instances. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992); *Cheek v. Western and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The plaintiff's broad charges of harassment and salary discrepancies are not reasonably related to her E.E.O.C. charge.

The plaintiff's claim under 42 U.S.C. § 1983 must likewise be dismissed for failure to state a claim. To plead a Section 1983 claim against a municipality, the plaintiff must allege either that (1) the municipal employee's actions were taken pursuant to an unconstitutional policy or custom of the municipality itself, or (2) the municipality granted "final decisionmaking authority" to a municipal employee. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 509-10 (7th Cir. 1993). The plaintiff has merely checked the box indicating that she is suing Arlington Heights School District No. 25 under 42 U.S.C. § 1983. She has failed to allege any facts indicating that the municipality itself was a moving force behind any constitutional violation.

The complaint must also be dismissed to the extent that the plaintiff sues over the schools' alleged mistreatment of her son. The plaintiff, a non-attorney, cannot represent another individual. *See Golbourn v. General Motors Corp.*, 98 F.Supp.2d 975, 978 (N.D. Ill. 2000); *see also* 705 ILCS 205/1. The problems the plaintiff's son has encountered in school are not an appropriate subject of this lawsuit. The only issue properly before this court is whether the plaintiff's employer discriminated against her.

In sum, the defendants' motion to dismiss the complaint for failure to state a claim must be granted. The Title VII claims the plaintiff raises in her complaint do not correspond to the allegations in her E.E.O.C. charge; furthermore, the plaintiff has not pleaded a factual basis for holding the school district liable under other civil rights statutes. Nevertheless, dismissal is without prejudice as to the plaintiff's Title VII claim that she has been the victim of race and sex discrimination. The court will provide the plaintiff with an amended employment discrimination complaint form. The plaintiff must submit an amended complaint within twenty-one days. The amended complaint must be limited to the plaintiff's claim that she has been given fewer substitute teaching assignments based on her race and sex (the plaintiff may even wish to copy the language from her E.E.O.C. charge in drafting her amended pleading). The complaint should not discuss any other grievances the plaintiff has against the school district.

In sum, for all of the foregoing reasons, the defendant's motion to dismiss is allowed. However, dismissal is without prejudice to the filing of an amended complaint within twenty-one days.

In her brief opposing counsel, the plaintiff makes a renewed request for appointment of counsel. The motion is denied. Indigent parties in civil rights actions who are unable to obtain an attorney may apply to the court for appointment of counsel under 28 U.S.C. § 1915(e)(1). *See McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). However, civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *See Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The decision to appoint counsel lies within the broad discretion of the court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

In exercising its discretion, a district court is guided by several factors: (1) the merit of the indigent plaintiff's claims; (2) the plaintiff's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel; (4) the capability of the indigent litigant to present the case; and (5) the complexity of the legal issues raised. *Swofford v. Maxwell*, 969 F.2d 547, 551 (7th Cir. 1992), *relying on Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983); *see also Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981) (*inter alia*). "[O]nly when the cases are colorable, the facts may be difficult to assemble, and the law is complex" will judges request an attorney to assist the litigant. *DiAngelo v. Illinois Dept. of Public Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989). As an additional threshold consideration, a litigant seeking appointment of *pro bono* counsel must show that he has made a reasonable attempt to retain private counsel, or that he is effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1072.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Again, the plaintiff has failed to show either that she has made reasonable efforts to retain private counsel or that she has been effectively precluded from making such efforts. *See Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992); *see also* Minute Order of January 29, 2001. Contact with one agency (the Legal Assistance Foundation, an entity the plaintiff also believes conspired against her) does not amount to "reasonable" efforts.

In any event, although the plaintiff has articulated colorable claims, the merit of the complaint seems doubtful: the plaintiff's own exhibits tend to belie her claims that she has received fewer assignments than male or Caucasian substitute teachers. Regardless, the plaintiff has alleged no physical or mental disability that might preclude her from adequately investigating the facts giving rise to her complaint. *See Merritt*, 697 F.2d at 765. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting her case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's renewed motion for appointment of counsel will be denied.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss (docket #13) is granted. The complaint on file is dismissed without prejudice. The plaintiff is granted twenty-one days in which to file an amended complaint limited to her claim that she has been given fewer assignments based on her race and sex. All other claims are dismissed with

prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Failure to submit an amended complaint within twenty-one days will result in summary dismissal of this case in its entirety.

IT IS FURTHER ORDERED that the plaintiff's renewed request for appointment of counsel is denied.

ENTER:

*David H. Coar* (signature)

DAVID H. COAR

United States District Judge

DATED: APRIL 30, 2001